# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Lorenzo A. Ramirez and Ramona G. Ramirez

**Case Number:** 04-12390

### Document Information

**Description:** Order Denying [165-1] Application For Allowance and Payment of Administrative Priority Expenses in the sum of $46,490.00. by Citicapital Commercial Corporation .

**Received on:** 2006-05-18 13:28:48.000

**Date Filed:** 2006-05-18 00:00:00.000

**Date Entered On Docket:** 2006-05-18 00:00:00.000

### Filer Information

**Submitted By:** James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
LORENZO RAMIREZ and
RAMONA RAMIREZ,
    Debtors. No. 13-04-12390 S

**ORDER DENYING APPLICATION FOR ALLOWANCE**
**AND PAYMENT OF ADMINISTRATIVE PRIORITY EXPENSE**

    This matter is before the Court on creditor Citicapital Commercial Corporation's Application for Allowance and Payment of Administrative Priority Expense (doc 165) and the Debtors' objection thereto. The parties stipulated that the facts were not in dispute and submitted briefs which the Court has considered. This is a core proceeding. 28 U.S.C. § 1578(b)(2)(A).

    The controlling fact in this case is that Citicapital's collateral was not used by the Debtors after the case was filed. The collateral was available to the Debtors, but not used because it was in disrepair. The Court finds that <u>General American Transportation Corp. V. Martin (In re Mid Region Petroleum, Inc.),</u> 1 F.3d 1130, 1133 (10th Cir. 1993) controls the outcome of this issue. In <u>Mid Region Petroleum</u> the Court of Appeals for the Tenth Circuit ruled that the estate must receive a "real benefit" from the transaction and that neither potential to benefit the estate nor mere possession of collateral satisfy this requirement. <u>Id.</u> Because Debtors did not use the collateral, Citicapital is not entitled to an administrative expense claim.

    <u>In re Colorado Springs Symphony Orchestra Assoc.</u>, 308 B.R.

508 (Bankr. D. Colo. 2004), relied on by Citicapital, is distinguishable. In that case the Court dealt with the interrelationship of § 1113 with § 503(b) and § 507(a). Section 1113 was enacted after 503 and 507 and is a more specific statute dealing exclusively with collective bargaining agreements. The Court finds that the reasoning of this case inapplicable to the instant case.

IT IS ORDERED that Citicapital Commercial Corporation's Application for Allowance and Payment of Administrative Priority Expense is denied.

/s/ James S. Starzynski
Honorable James S. Starzynski
United States Bankruptcy Judge

I hereby certify that on May 18, 2006, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

R Trey Arvizu, III
PO Box 1479
Las Cruces, NM 88004-1479

John E Farrow
PO Box 35400
Albuquerque, NM 87176-5400

/s/ James E. Burke